IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID DUANE FINNEGAN, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:26-CV-10** |
| | ) | |
| ERIE COUNTY PENNSYLVANIA, et al, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff's "Emergency Motion for Temporary Restraining Order" asks this Court to halt the criminal proceedings brought against him in the Court of Common Pleas of Erie County. ECF No. 30. Plaintiff's sparse motion requests that this Court "prevent enforcement" of two criminal proceedings in state court.

Federal Rule of Civil Procedure 65 allows a court to enter a temporary restraining order or a preliminary injunction, measures that the Supreme Court has described as "extraordinary remed[ies] never awarded as of right." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008). Because he is seeking injunctive relief, Plaintiff has the burden of demonstrating: (1) a reasonable probability of success in the litigation; (2) irreparable harm if the injunction is denied; (3) the possibility of harm to other interested persons from the grant or denial of the injunction; and (4) that the public interest would best be served by granting the injunction. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) *citing Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974). The burden rests on the movant to prove the first two "most critical" factors. *Id.* If the movant's burden is met, the

1

Court then balances those two factors against whether there will be irreparable injury to the opposing party in the injunction is granted and whether public interest favors an injunction. *Id.* at 179.

In establishing a likelihood of success on the merits, the moving party must make "a showing significantly better than negligible but not necessarily more likely than not." *Id.* As to the element of irreparable harm, the moving party must "demonstrate that irreparable injury is likely in the absence of an injunction," not just that irreparable injury is possible. *Winter*, 555 U.S. at 22.

With these considerations is mind, Plaintiff has not made the requisite showing to justify the extraordinary remedy of a temporary restraining order. The motion consists largely of conclusory assertions and the request for court intervention, but the motion itself fails to set forth any specific facts describing the underlying conduct or circumstances. Plaintiff simply states that there are allegations of "violations of multiple constitutional protections arising from the events surrounding the above-referenced criminal proceedings." ECF No. 30, p.2. In support of his motion, Plaintiff has submitted evidence which he contends demonstrates "irregularities in the conduct of law enforcement officers and court proceedings." This Court has reviewed Plaintiff's evidence which consists of state court records, his own meandering affidavit, two affidavits of coworkers present at the time of his December 2025 arrest, and an affidavit of a courtroom observer of his recent criminal trial. Plaintiff's motion, even with the supporting evidence, does not provide sufficient factual basis from which the Court can find that Plaintiff has met his high burden so as to award preliminary injunctive relief.

Through his motion, Plaintiff seeks an order from this Court stopping his ongoing criminal cases. That request runs headlong into the abstention doctrine articulated in *Younger v.*

*Harris*, 401 U.S. 37 (1971), under which federal courts generally refrain from interfering with pending state criminal proceedings. As explained by the Third Circuit, abstention is appropriate where federal intervention would disrupt such proceedings. *Yi Yang v. Tsui*, 416 f.3d 199, 202 (3d Cir. 2005) (discussing *Younger* abstention). The doctrine applies when three conditions are satisfied: there is an ongoing state judicial proceeding, the proceeding implicates important state interests, and the forum provides an adequate opportunity to raise federal claims. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). Each of the *Younger* elements is present here. Plaintiff's criminal cases are actively being litigated[1], they plainly involve significant state interests, and nothing suggests that Plaintiff is unable to assert his constitutional arguments in that forum. Accordingly, abstention is warranted, and Plaintiff cannot demonstrate a likelihood of success on the merits.

Nor has Plaintiff shown irreparable harm. Any alleged injury can be addressed in the course of the criminal cases, where he is represented by counsel and may fully present his claims. Plaintiff has not established the "gateway factors of likelihood of success on the merits and irreparable harm." *See Camacho Lopez v. Lowe*, 452 F.Supp.3d 150, 163 (M.D.Pa. 2020). Likewise, the balance of equities and the public interest likewise weigh against intervention. Allowing the state prosecution to proceed unimpeded serves both comity and the orderly administration of justice. For all of these reasons, Plaintiff has not satisfied his burden of establishing entitlement to injunctive relief, and his motion will be denied.

---

[1] A review of the docket activity shows that in the older of the two criminal cases Plaintiff was convicted by a jury on February 5, 2026, and that post-trial motions are currently pending.