**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID DUANE FINNEGAN, JR.,** | ) | |
| **Plaintiff,** | ) | **C.A. No. 1:26-cv-10** |
| | ) | |
| | ) | **District Judge Baxter** |
| **vs.** | ) | |
| | ) | |
| | ) | **RE: ECF No. 11** |
| **ERIE COUNTY, PENNSYLVANIA, et al,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**
**As to**
**Judicial Defendants**

## I. Procedural History

Plaintiff David Duane Finnegan, Jr., acting pro se, initiated this action on January 16, 2026. ECF No. 1. Plaintiff purports to advance multiple legal claims arising out of his ongoing involvement with the legal system, beginning in September of 2023 and continuing up through the filing of this action. Plaintiff avers that his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments have been violated by Defendants. As Defendants to the action, Plaintiff names over thirty individuals and government entities, as well as multiple John Does.[1]

One group of those Defendants are represented together by the Administrative Office of the Pennsylvania Courts and they are: Magisterial District Judges ("MDJs") Laurie Mikielski, Denise Stuck-Lewis and Jeffrey Gadley; the Honorable Daniel Brabender, Jamie Mead, Joseph

[1] Plaintiff seeks to enforce alleged constitutional violations by way of 42 U.S.C. § 1983. As relief, Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. *Id.*

Walsh, Marshall Piccinini and David Ridge of the Erie County Court of Common Pleas; Deputy Court Administrator Carlo Fachetti, and the "Erie County Court Administration." In response to the Complaint, these Defendants have moved to dismiss. ECF No. 11. Plaintiff has not opposed the motion. This motion is ripe for disposition by this Court.

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) *citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) *citing* 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-36 (3d ed. 2004). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The complaint need not prove the plaintiff will prevail, but must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Labels, conclusions, and a "formulaic recitation of the elements" are insufficient. *Id.* at 555. Nor must the court accept unsupported inferences or legal conclusions disguised as factual allegations. *Baraka v.*

*McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007); *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009)

The Third Circuit has laid out the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and the determine whether they plausibly give rise to an entitlement for relief.

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) *quoting Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Because Plaintiff is proceeding pro se, the allegations of his complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002); *See also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training."). Notwithstanding this relaxed pleading standard, however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

**III. The Claims against these Defendants**

Relative to these Defendants, Plaintiff seeks relief for the violation of his constitutional rights arising out of what he terms as eight separate "incidents" beginning in September of 2023.

First, in September of 2023 in Traffic Court, MDJ Mikielski imposed a fine despite "the absence of evidence." ECF No. 1, page 11 ("Incident 1"). The second incident occurred the following month in MDJ Mikielski' s courtroom when Plaintiff was physically excluded from a hearing involving his son's traffic citation. *Id.* ("Incident 2").

The third incident occurred on January 19-24, 2024, and involved MDJs Stuck-Lewis and Mikielsi. Plaintiff alleges he filed an "Affidavit of Truth, Motion to Show Cause, and a Motion to Dismiss" on January 19th. He states that Mikielski is an alleged victim arising out of an incident where Plaintiff recorded Mikielski during Plaintiff's son's October 2023 hearing. According to Plaintiff, Mikielski was listed as both the issuing authority and a victim arising out of the recording, and Plaintiff "raised threshold objections and requested adjudication before further proceedings." Plaintiff claims his due process rights were violated because "no ruling, findings, or response were issued on Plaintiff's filings prior to further advancement of the case." Plaintiff claims this incident is part of a retaliatory campaign stemming from the first and second incidents. *Id.* at pages 12-13 ("Incident 3").

The fourth incident outlined by Plaintiff involved MDJ Stuck-Lewis on January 22, 2024. Plaintiff briefly alleges that his procedural due process rights were violated when Stuck-Lewis bound a matter over despite unresolved motions. *Id.* at page 13 ("Incident 4").

The fifth incident occurred in April 2024 and involved Court of Common Pleas Judges Walsh, Mead, and Brabender. During a custody hearing, Judge Walsh issued an order removing Plaintiff's children from his custody. Plaintiff was then arrested on a bench warrant signed by

Judge Mead. On April 26, 2024, Plaintiff appeared before Judge Brabender for what may have been a bail hearing and was informed that his release was conditioned upon signing bond paperwork which Plaintiff characterizes as a "threat of continued incarceration." *Id.* at page 14 ("Incident 5").

Plaintiff's sixth incident involved Fachetti and Court Administration. Plaintiff claims that between mid-2024 and mid-2025, he continued to filed motions, notices, and affidavits and these were not resolved in any way. *Id.* at page 14 ("Incident 6").

The next claim relative to the present moving Defendants occurred during December 2025 and involved Judge Piccinini. Plaintiff alleges that he was transported from the Erie County Prison to a custody trial in chains and that he was subjected to coercive jail intake and forced medical procedures at the jail. *Id.* at page 17 ("Incident 12").

Finally, on January 7, 2026, during a preliminary hearing before MDJ Gadley, Plaintiff "attempted to introduce notarized affidavits and timestamped evidence" which the "court refused" and the matter was "bound over." Plaintiff claims this violated his Fourth and Fourteenth Amendment rights. *Id.* at page 18 ("Incident 13").

Additionally, Plaintiff includes an allegation against Judge Ridge claiming that he proceeded in Plaintiff's criminal matter after Plaintiff challenged his jurisdiction to do so. *Id.* at page 18. Plaintiff does not provide any further details as to this claim.

Plaintiff claims that these incidents, taken separately, each support a finding that his constitutional rights were violated, and, taken together, demonstrate a pattern of retaliation. As to the relief requested for these alleged violations, Plaintiff seeks compensatory and punitive damages. This request for relief is stated only in general terms: Plaintiff specifies no dollar figure and does not indicate which damages flow from which claim or which Defendant. Moreover,

Plaintiff seeks a declaration that the acts and omissions of all Defendants violated his constitutional rights, that the conduct of all Defendants constituted a pattern and practice of constitutional violations carried out under color of state law, and that all Defendants acted with actual notice of Plaintiff's protected activity, filings, and constitutional objections, and nevertheless continued enforcement actions. Finally, Plaintiff seeks injunctive and prospective relief:

> - Prohibiting Defendants and those acting in concert with them from retaliating against Plaintiff, arresting or detaining Plaintiff without constitutionally required process, excluding Plaintiff or witnesses from judicial proceedings without lawful justification, or using excessive force or coercive detention practices.
>
> - Requiring Erie County and its agencies to implement constitutionally compliant policies, training, and supervision regarding warrant execution, use of force, jail intake and medical consent practices, access to courts and records, and witness participation in judicial proceedings.
>
> - Directing Defendants in judicial and administrative roles to apply constitutionally adequate procedures consistent with due process, without requesting this Court to reverse, invalidate, or directly review any specific state-court judgment.

*Id.* at page 19.

### III. Discussion and Analysis

Judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judges are entitled to absolute judicial immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in complete absence of all jurisdiction. *Stump*, 435 U.S. at 355-56. *See also Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity extends to magisterial district judges (*Blackwell v. Middletown Bor. Police Dep't*, 2012 WL 4033671, at *4 (M.D. Pa. May 30, 2012) *citing Figuero v. Blackburn*, 208 F.3d 435,

441 (3d Cir. 2000)), as well as court administrators (*Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772 (3d Cir. 2000)). All of the factual allegations in Plaintiff's complaint relate directly to actions taken by judicial officers in their capacity as judges. Plaintiff has not set forth any facts that would show that the judicial officers' actions were taken in the clear absence of their respective jurisdiction.

Next, to the extent Plaintiff seeks an order declaring Defendants' past actions unconstitutional, or enjoining their future conduct in a manner that would interfere with criminal proceedings, that request is precluded by the Federal Courts Improvement Act. In 1996, Congress amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity… unless a declaratory decree was violated or declaratory relief was unavailable." *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (explaining that the amendment applies to both state and federal judges).

None of the relief Plaintiff seeks from these Defendants is available under the law. Accordingly, Plaintiff's claims against these Defendants will be dismissed with prejudice as any amendment would be futile. *See* Fed. R. Civ. P 15. Furthermore, Plaintiff's claims against the "Court Administration" will be dismissed with prejudice as this Defendant is not an appropriate party in a § 1983 action. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (a state agency is not a "person" for § 1983 purposes).

An appropriate Order follows this Memorandum Opinion.