IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID DUANE FINNEGAN, JR., Plaintiff,** | ) | **C.A. No. 1:26-cv-10** |
| | ) | **District Judge Baxter** |
| **vs.** | ) | |
| | ) | **RE: ECF No. 16, 21** |
| **ERIE COUNTY, PENNSYLVANIA, et al, Defendants.** | ) | |

**MEMORANDUM OPINION**
**As to**
**Governor and Attorney General of Pennsylvania**

## I. Procedural History

Plaintiff David Duane Finnegan, Jr., acting pro se, initiated this action on January 16, 2026. ECF No. 1. Plaintiff purports to advance multiple legal claims arising out of his ongoing involvement with the legal system, beginning in September of 2023 and continuing up through the filing of this action. As Defendants to the action, Plaintiff names over thirty individuals and government entities, as well as multiple John Does. Plaintiff seeks to enforce alleged constitutional violations by way of 42 U.S.C. § 1983. As relief, Plaintiff seeks declaratory, injunctive, and compensatory and punitive damages. *Id.*

Plaintiff makes only a few allegations against the Governor and Attorney General of the Commonwealth and those allegations are far from specific. *See* ECF No. 1, page 16. In response to the Complaint, these Defendants moved to dismiss. ECF No. 16, 21. Plaintiff opposes these dispositive motions. ECF No. 27. These motions are fully briefed and are ripe for disposition by this Court.

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) *citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) *citing* 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-36 (3d ed. 2004). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The complaint need not prove the plaintiff will prevail, but must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Labels, conclusions, and a "formulaic recitation of the elements" are insufficient. *Id.* at 555. Nor must the court accept unsupported inferences or legal conclusions disguised as factual allegations.

*Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007); *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009)

The Third Circuit has laid out the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no

> more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and the determine whether they plausibly give rise to an entitlement for relief.

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) *quoting Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Because Plaintiff is proceeding pro se, the allegations of his complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002); *See also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training."). Notwithstanding this relaxed pleading standard, however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. The Factual Allegations implicating the Governor and Attorney General

In his Complaint, Plaintiff purportedly raises a single legal claim against these Defendants, the entirety of which reads: (1) that Plaintiff served a "Notice of Fraud" on October 31, 2025 and (2) a 14-day cure period expired without action. ECF No. 1, page 16. Plaintiff claims this lack of action violated his right to procedural due process under the Fourteenth

Amendment.[1] Plaintiff specifically states that he is suing both the Governor and the Attorney General in their official capacity only. *Id.* at page 9.

**IV. Analysis**

Section 1983 provides a private cause of action for the deprivation of rights secured by the Constitution or laws of the United States by any person acting under color of state law. *See* 42 U.S.C. § 1983. The statute does not itself create substantive rights; rather, it serves as the vehicle through which individuals may vindicate federal constitutional and statutory rights violated by state actors. *Gomez v. Toledo*, 446 U.S. 635, 638-39 (1980). Where a state actor deprives an individual of a right guaranteed by the Constitution, that individual may seek redress in federal court through a § 1983 action against the responsible official.

A suit for damages against a state officer in her official capacity is a suit against the State itself and is therefore barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (stating suit against state official in his official capacity is a suit against the official's office and is no different from a suit against the state itself). Because Plaintiff's damages claims are asserted against the Governor and the Attorney General in their official capacities, those claims are barred and must be dismissed with prejudice.

Moreover, Plaintiff has failed to plead any personal involvement by either of these Defendants. It is axiomatic that a § 1983 plaintiff "must show that each and every defendant was 'personl[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3

---

[1] Plaintiff also implicates other Defendants in this purported cause of action: Clerk of Courts, County Executive, and Mayor.

(M.D. Pa. 2006) *quoting Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006). This means that each defendant must have played an affirmative part in the complained-of misconduct. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.' " (citations omitted)); *Iqbal*, 556 U.S. at 677 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (liability for supervisory officials must still be based on "personal involvement in the alleged wrongs"). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F.Supp.2d 776, 782 (W.D. Pa. 2013) (dismissing claims against certain defendants because the complaint was "devoid of any facts suggesting that [the defendants] had any personal involvement" in the alleged constitutional violation).

Although Plaintiff's opposition brief offers a bit more factual detail – specifically, that he sent a copy of his "Notice of Fraud" to Attorney General David Sunday via certified mail and that Sunday failed to act – does not save the claim. First, a plaintiff cannot cure a deficient complaint by introducing new factual allegations in an opposition brief; such allegations are not properly before the Court. *See Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Second, even if considered, this allegation still falls short of the personal-involvement standard, since merely receiving correspondence and failing to respond to it does not constitute the type of affirmative participation in the alleged constitutional violation that § 1983 liability requires.

Because Plaintiff cannot state a claim against these two Defendants, any amendment of the complaint would be futile. *See* Fed.R.Civ.P 15. An appropriate Order follows.