**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID DUANE FINNEGAN, JR., Plaintiff,** | ) | **C.A. No. 1:26-cv-10** |
| | ) | **District Judge Baxter** |
| **vs.** | ) | |
| | ) | **RE: ECF No. 33** |
| **ERIE COUNTY, PENNSYLVANIA, et al, Defendants.** | ) | |

**MEMORANDUM OPINION**
**As to**
**Defendant DePalma**

## I. Procedural History

Plaintiff David Duane Finnegan, Jr., acting pro se, initiated this action on January 16, 2026. ECF No. 1. Plaintiff purports to advance multiple legal claims arising out of his ongoing involvement with the legal system, beginning in September of 2023 and continuing up through the filing of this action. As Defendants to the action, Plaintiff names over thirty individuals and government entities, as well as multiple John Does.[1]

One of those Defendants is Attorney Joseph DePalma, a private attorney, who Plaintiff has previously sued in this federal court. DePalma has moved to dismiss. ECF No. 33. Plaintiff has not opposed the motion. This motion is ripe for disposition by this Court.

[1] Plaintiff seeks to enforce alleged constitutional violations by way of 42 U.S.C. § 1983. As relief, Plaintiff seeks declaratory, injunctive, and compensatory and punitive damages. *Id.*

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) *citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) *citing* 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-36 (3d ed. 2004). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The complaint need not prove the plaintiff will prevail, but must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Labels, conclusions, and a "formulaic recitation of the elements" are insufficient. *Id.* at 555. Nor must the court accept unsupported inferences or legal conclusions disguised as factual allegations. *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007); *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009)

The Third Circuit has laid out the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their

> veracity and the determine whether they plausibly give rise to an entitlement for relief.

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) *quoting Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Because Plaintiff is proceeding pro se, the allegations of his complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002); *See also Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Our policy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training."). Notwithstanding this relaxed pleading standard, however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

**D. The Claims against Defendant DePalma**

Plaintiff alleges that Defendant DePalma was involved in three separate incidents that violated his constitutional rights. First, on July 27, 2025, DePalma served a final divorce decree and a hostile reaction, presumably on Plaintiff's part, followed. Plaintiff claims this violated his Fourteenth Amendment rights. ECF No. 1, page 15. Second, from the following day through the next week, Plaintiff claims that he was contacted by OCY and publicly detained under a "302." Plaintiff provides this information as background only and does not seek relief for this incident.

*Id.* Finally, Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated when, on December 12-17, he was subjected to coercive intake and medical procedures at Erie County Prison, and transported in chains to a custody trial. He does not explain how DePalma was involved in this alleged violation of his civil rights. *Id.* at page 17.

Defendant DePalma moves to dismiss Plaintiff's claims against him, arguing that they failed to state a claim upon which relief can be granted and that they duplicate claims already raised in another case. ECF No. 33.[2] Either ground alone provides an adequate basis upon which to dismiss the claims against DePalma.

No plaintiff has the "right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). *Walton's* prohibition applies "when two cases: (1) take place in the same court; (2) with the same defendants; (3) involving the same subject matter." *McKenna v. City of Philadelphia*, 304 Fed. App'x 89, 92 (3d Cir. 2008). In C.A. No. 1:25-cr-232, Mr. Finnegan initiated a civil rights action in August 2025 against Attorney DePalma among others. The claims in that case arose out of the same facts that are the basis for the relief sought in the instant action. There, Plaintiff alleged that in late July 2025, DePalma, acting on behalf of Plaintiff's former wife, filed a petition to modify custody citing the alleged mental illness of Plaintiff, and then contacted the Pennsylvania State Police to initiate a "fraudulent 302 warrant." In the prior federal case, Plaintiff's claims against DePalma were dismissed with prejudice because, among other reasons, DePalma is not a state actor. *See Finnegan v. Burbules-*

---

[2] Plaintiff has not filed any opposition to DePalma's motion to dismiss.

*Finnegan*, 2026 WL 1383066 (W.D. Pa. May 18, 2026). Because the present action is duplicative of the earlier action, it should be dismissed.

Furthermore, DePalma is not a state actor and so the claims against him should be dismissed on that basis alone. In order to state a § 1983 claim, a claimant must plead that the other party acted "under color of state law." *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002). This "element is a threshold issue and thus there is no liability if the defendant is not acting under color of state law." *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). DePalma is a private citizen and there is no factual allegation that he was acting under color of state law so as to impose liability under § 1983. The motion to dismiss will be granted.

An appropriate Order dismissing the claims against DePalma with prejudice follows.